```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
```

MAXIMINO FRANKLIN, *pro se*,

                    Petitioner,

-against-

UNITED STATES OF AMERICA,

                    Respondent.

**ORDER**
08-CV-4969 (KAM)

```
----------------------------------X
```

**KIYO A. MATSUMOTO, United States District Judge:**

This action was filed on December 1, 2008, and transferred to the undersigned on January 5, 2009. Maximino Franklin filed a petition *pro se,* via a handwritten letter. (Doc. 1.) The letter states that petitioner "got sent to prison in 1986" and "spent 2 years in prison," and that, "[d]ue to that incarceration a deportation warrant # ICE # A37177126 was issued in 2006." (Doc. 1 at 1.) According to petitioner, the "deportation order still stands today" due to his inability to pay for an appeal. (*Id.*) As to the relief he seeks, petitioner states, "I am asking the courts for a relief or removel [sic] or a cancellation of removel [sic] or maybe an adjustment of status for certain national residents under INA 101(A)(2) [sic]." (Doc. 1 at 3.) Petitioner does not indicate the crime of which he was convicted, nor does he indicate whether he faces a final order of removal. Attached to petitioner's letter is a

completed form bearing the name of the former federal immigration agency, the Immigration and Naturalization Service, and entitled, "Application for Suspension of Deportation." (Doc. 1 at 4-5.) Petitioner is currently incarcerated in Washington Correctional Facility, located in Comstock, New York, within the Northern District of New York. (Doc. 1, Attach. 1.) Petitioner does not indicate the basis for his incarceration. The court cannot determine whether he is presently held pursuant to an order of deportation, a state criminal conviction, or some other authority.

The Clerk of the Court apparently construed the petition as a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 and docketed it as such. (*See* Doc. 1, Attach. 1.) However, The REAL ID Act of 2005, Pub.L. No. 109-13, Div. B, Title 1, 119 Stat. 231, 310-11, amending 8 U.S.C. § 1252, provides that the "sole and exclusive" means for challenging an order of removal is "[a] petition for review filed with an appropriate court of appeals." 8 U.S.C. § 1252(a)(5). In *Marquez-Almanzar v. I.N.S.*, 418 F.3d 210, 215 (2d Cir. 2005), the Second Circuit found that 8 U.S.C. § 1252(a)(5) unequivocally eliminated habeas corpus review of orders of removal. The Second Circuit also held that "any case pending in district court on the date of enactment [of the REAL ID Act] that was brought challenging an order of removal under [§ 2241]"

must be transferred to the court of appeals, where it is to be treated as a petition for review under § 1252. This case does not qualify for automatic transfer to the circuit court because it was not pending when the REAL ID Act was passed in 2005.

The district court has been divested of habeas corpus jurisdiction over challenges to orders of removal. *Marquez-Almanzar*, 418 F.3d at 215. The court thus considers whether to apply 28 U.S.C. § 1631, which states that when a "court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed[.]"

In *Paul v. I.N.S.*, 348 F.3d 43, 46-7 (2d Cir. 2003), the petitioner mistakenly filed his § 1252 appeal of an immigration decision in the district court, rather than the circuit court. The Second Circuit held that the district court had abused its discretion when it failed to promptly docket the application and transfer it immediately to the circuit pursuant to § 1631. *Id.* (finding transfer in the interest of justice because petitioner faced a thirty-day statutory deadline for filing with the circuit court).

Petitioner's application challenges his order of removal. Because the REAL ID Act eliminated district court jurisdiction over such challenges and lodged sole jurisdiction

with the circuit courts, it appears that, upon filing, this case should have been docketed as a petition under § 1252 and immediately transferred to the Second Circuit.  The Clerk of the Court is therefore directed to effect the transfer to the Second Circuit and close the case.  A copy of this order shall be served upon the petitioner by the Clerk.

**SO ORDERED**

Dated:   Brooklyn, New York
         January 28, 2009

_____/s/_____
KIYO A. MATSUMOTO
United States District Judge